**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,**

v.

**WOOLCO DEPARTMENT STORE, a division of F. W. Woolworth Co., Defendant-Appellee.**

No. 71–1391.

United States Court of Appeals, Fifth Circuit.

May 24, 1972.

Lutz Alexander Prager, EEOC, Stanley P. Hebert, Gen. Counsel, Washington, D. C., Charles H. White, Area Atty., EEOC, New Orleans, La., Jack de J. Pemberton, Jr., Deputy General Counsel, Julia P. Cooper, Chief, Appellate Section, Washington, D. C., for plaintiff-appellant.

David L. McComb, New Orleans, La., Kenneth W. Greenawalt, Davies, Hardy, Ives & Lawther, New York City, Chaffe, McCall, Phillips, Burke, Toler & Sarpy, New Orleans, La., Christopher J. Hoey, New York City, of counsel, for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Succinctly stated, the narrow issue presented by this appeal is whether the Equal Employment Opportunity Commission (EEOC) is entitled to seek a court order against what it claims is threatened nullification of its statutory investigative responsibility allegedly resulting from a private employer's retaliatory firing of an employee because he

filed a discrimination charge pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq. The District Court dismissed the complaint, holding that the EEOC had no standing to sue for such an order and, alternatively, that the Court had no jurisdiction to enter it.

On July 7, 1970 Linsy R. Bell filed with the EEOC a Title VII discrimination charge against his employer, the Woolco Department Store of Gretna, Louisiana. On August 31 the charge was served on the store manager by an EEOC investigator. On September 4 Bell was fired, allegedly because as a supervisory employee he had engaged in union organizing activity in violation of the National Labor Relations Act. Thereafter he filed additional charges with both the NLRB and the EEOC. Upon initiating its investigation the EEOC discovered that at least two Woolco employees declined voluntary cooperation with the investigator in the absence of assurances that their statements would not adversely affect their employment status with Woolco. The Commission then filed the present suit, seeking (i) an injunction against future retaliatory firings because of an employee's cooperation with the investigation, (ii) an order compelling Woolco to inform its employees that they would not be penalized for such cooperation, and (iii) an order effecting Bell's temporary reinstatement to his job pending completion of the investigation of the original charges. Without reaching the merits the District Court concluded that granting such relief would be inconsistent with what was then the undisputed precept that "EEOC is an administrative agency without the power of enforcement." Pettway v. American Cast Iron Pipe Co., 5 Cir., 1969, 411 F.2d 998, 1005.

A fundamental change in the law has since intervened. Following oral argument the Equal Employment Opportunity Act of 1972, P.L. 92–261, was passed by Congress and signed by the President on March 24. Among other changes the Act amends Title VII to empower the EEOC to seek judicial relief pending final disposition of an employment discrimination charge in cases in which such relief is necessary to carry out the purposes of the law.[1] Obviously this amendment may have considerable significance in the present case. The District Court should have an opportunity to consider it.

We vacate the order dismissing the complaint and remand for further consideration in light of the Equal Employment Opportunity Act of 1972.

Vacated and remanded.

---

1. Section 706(f) (2) of Title VII, as amended by the Act, reads as follows:
   "Whenever a charge is filed with the Commission and the Commission concludes on the basis of a preliminary investigation that prompt judicial action is necessary to carry out the purposes of this Act, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, may bring an action for appropriate temporary or preliminary relief pending final disposition of such charge. Any temporary restraining order or other order granting preliminary or temporary relief shall be issued in accordance with rule 65 of the Federal Rules of Civil Procedure. It shall be the duty of a court having jurisdiction over proceedings under this section to assign cases for hearing at the earliest practicable date and to cause such cases to be in every way expedited."
   Section 14 of the new Act provides:
   "The amendments made by this Act to section 706 of the Civil Rights Act of 1964 shall be applicable with respect to charges pending with the Commission on the date of enactment of this Act and all charges filed thereafter."